## SUPREME COURT—IN BANCO.

## JULY TERM—1871.

*Allen, Ch. J., and Hartwell, J.*

### THE KING *vs.* BILA KAMAKANA.

AN INDICTMENT for perjury is sufficient, which avers all the statute ingredients of the offence.

A CONFESSION having been given in evidence, and an officer, who was in charge of the prisoner, subsequently testifying that he told him "if he was guilty he had better admit it, if not, to say so; but that if he would come in and confess, the Judge would release him from the prosecution, and he would go free of the charge, and that shortly after this, the defendant went in and acknowledged his guilt." HELD, that it was NOT ERROR that the Court, unasked, did not rule out the confession, the Magistrate having cautioned the prisoner to·be careful what he said as, his evidence would be used against him; but refusal to admit evidence of inducements by an officer present in the Court room, but not in charge of the prisoner, IS ERROR.

Exceptions from the Third Circuit Court holden at Hilo, at the last May Term, at which the defendant was convicted on an indictment for perjury, charging him with falsely testify-ing before the Police Justice of Hilo, in a trial of one Koi and one Kapuahi for selling intoxicating liquors, that he obtained liquor of the said Koi and Kapuahi. The bill of exceptions recites all the evidence, in which it appears that the said Police Justice testified that after hearing the evi-dence at the said trial, he saw its discrepancy, and "informed the parties that he would adjourn to give any of the witnesses a chance to retract if they felt inclined to do so; that shortly thereafter one of the witnesses at said trial came in and cor-rected his statement, and in presence of this defendant said

40

that what he had testified in Court was false ; that this defendant, with the remaining two witnesses, was immediately arrested for perjury, and after hearing the charge and being cautioned by the Court to be careful what they said, for their statements might be read in the Court above, they then said, we are indeed guilty." The remaining evidence does not tend to sustain the verdict, unless taken in connection with the confession. On this point, the evidence of the defendant's witness Kainoa was, that just before the confession, he heard the Luna Makai, Keawehano, conversing with the defendant, but did not know what was said ; that Kahiko was a luna makai living near the defendant. Here the defendant's counsel proposed to ask the witness, "if Kahiko had any conversation with defendant in the Court room at Hilo, on the day in which he and Keoni and others were prosecuted for perjury, immediately before defendant made his plea of guilt, and did he in that conversation hold out any inducement for him to confess, and if so, what was that conversation and what were those inducements." This question was objected to and ruled out, on the ground that "the question, as it regards any inducements to confess should be confined to the officer who had immediate authority over the defendant at the time, and would exclude an officer who had not had any connection or authority in the prosecution;" exception to which ruling was allowed.

Further evidence for the defendant was, that a lunamakai named Keawehano, appearing to have charge of the defendant before the Police Justice, said to the defendant, immediately before his confession, and also to the other prisoners, that, "if they were guilty they had better admit it; if not, to say so; but that if they would come in and confess, the Judge would release them from the prosecution and they would go free of charge." When the jury rendered their verdict, defendant's counsel excepted thereto as contrary to law and evidence, but alleged no special grounds. A motion

in arrest was overruled, alleging special exceptions to the sufficiency of the indictment, and exception was allowed to this ruling.

W. C. Jones, for the exceptions.

The Attorney General, S. H. Phillips, *contra.*

HARTWELL, J.: The questions in this case are the sufficiency of the indictment, the admissibility of the rejected evidence and the competency of the admitted evidence.

The indictment presents the statute ingredients of the offence of perjury, and the exception to its form is not sustained by law.

The rule of English and American law, unlike that of civil law, excludes confessions which are not voluntary, on the principle that no one shall be made to convict himself, by torture or otherwise. This rule excludes confessions wherever the slightest inducements by persons in authority had been held out, unless it be shown that their influence was removed. The rule was extended to cover inducements made in the presence of persons in authority under their implied sanction, by the complainant or his wife, by a surgeon or chaplain in attendance, and generally by persons whom the accused might regard as having authority. Com. *vs.* Morey, 1 Gray, 263; Com. *vs.* Curtis, 97 Mass., 578; Rex *vs.* Upchurch, 1 Mood. Cr. Cases, 464; Rex *vs.* Luckhurst, 22 E. L. & E., 606. The admissibility of the rejected evidence in this case seems to be within this extended rule, and also within the rule laid down by this Court in Banco, in the Paakaula case, at a special term in March, 1867, viz.: "The Court will rigidly exclude all testimony of confessions if made in consequence of a previous threat or promise by a person who may be supposed to have some authority or influence." The officer in Court, but not in charge, may have been regarded by the prisoner as having some authority.

The admission of this evidence, and of evidence of any facts or circumstances which may tend to influence a confession, seems to me to be correct in principle also. The private inducement may or may not have as much effect as the official; but it cannot be deemed immaterial in any case in which it may effect the significance of the confession. An assurance of advantage from an intimate friend of the judge may have no legal effect, but no one can say that it may not determine the prisoner's course. The English Courts have regretted that they are bound by their precedents to give any conclusive effect to official inducements, and say thus: "Perhaps it would have been better to have held that in all cases a judge was to decide upon his own view of all the circumstances, including the nature of the threat or inducement, and the character of the persons holding it out." Per Parke Baron, in Reg. *vs.* Moore, 12 E. L. & E., 586. The exception, on the point of the rejected evidence is therefore good in law.

The confession was in evidence before the jury, and no request to exclude it on account of the subsequent evidence was made. The Court that tried this case knew material facts not before us, concerning the appearance, intelligence and maturity of the prisoner,—facts which have much to do with the probable influence of inducements. They did not see fit, unasked, to instruct the jury to disregard the confession. This exception is therefore not sustainable.

Verdict set aside, new trial ordered.